**Pasquale SPADARO, Appellant,**

v.

**Horace A. NABORS, Acting O.I.C., USI & NS., Appellee.**

**No. 15532.**

United States Court of Appeals Fifth Circuit.

Jan. 31, 1956.

Rehearing Denied Feb. 28, 1956.

Dean A. Andrews, Jr., New Orleans, La., for appellant.

Prim B. Smith, Jr., Asst. U. S. Atty., George R. Blue, U. S. Atty., New Orleans, La., for appellee.

Before BORAH and JONES, Circuit Judges, and BENJAMIN C. DAWKINS, Sr., District Judge.

BORAH, Circuit Judge.

Appellant, Pasquale Spadaro, sometimes known as Leo Spadaro, was arrested in deportation proceedings on a warrant issued May 26, 1953, by the Immigration and Naturalization Service of the Department of Justice, charging that Spadaro, an alien, had been found in the United States in violation of Section 241 (a) (4), 8 U.S.C.A. § 1251(a) (4), and Section 241(a) (12), 8 U.S.C.A. § 1251 (a) (12), of the Immigration and Nationality Act.

The particular violations of the statute alleged were that after entry into the United States at New York, N. Y. on March 20, 1920, appellant had (1) been convicted of two crimes involving moral turpitude, not arising out of a single scheme of criminal misconduct, and (2) that by reason of conduct, behavior or activity after entry he became a member of one of the classes of aliens specified in Section 212(a) (12) of the Act, 8 U.S.C.A. § 1182(a) (12), to wit, aliens who directly or indirectly procure or attempt to procure prostitutes or persons for the purpose of prostitution or for any other immoral purpose. The specific conduct which was alleged to have constituted the above violations was appellant's conviction for the violation of Act 114 of the Legislature of the State of Louisi-

ana for 1940, and his convictions for the violation of Ordinances Nos. 14477 and 15957, Commission Council Series, City of New Orleans, Louisiana.

After a hearing before a Special Inquiry Officer, appellant sought and had a review of the proceedings by the Board of Immigration Appeals. The Board affirmed the order of the Special Inquiry Officer as to the Section 241(a) (12) violation, but reversed his decision as to the Section 241(a) (4) violation on the ground that in Louisiana convictions of violations of municipal ordinances are not convictions of crime within the meaning of the Immigration and Nationality Act. Thereafter, and upon the order of the Board, a warrant of deportation was issued based solely upon appellant's violation of Section 241(a) (12) of the Act.

While in the custody of the Immigration and Naturalization Service at New Orleans, Louisiana, the alien assailed the legality of his detention in a petition for a writ of *habeas corpus*. After a hearing was had on the rule to show cause why the writ should not issue, the District Court denied Spadaro's application for the writ, and upon oral motion of appellant, the Court enjoined the execution of the deportation warrant pending appeal. The principal question presented on this appeal is whether there was substantial evidence to support the finding that the appellant had become a member of one of the classes specified in Section 212(a) (12) of the Act.

Appellant argues that there is no substantial evidence to support the deportation order, for the reason that the records of his convictions were not properly certified by an officer authorized under Louisiana law to issue a certified copy and that none of the convictions was for directly or indirectly procuring or attempting to procure prostitutes or persons for the purpose of prostitution or for any immoral purpose. We do not at all agree. In its brief appellee pointed out that the transcript was in error insofar as the lack of certification of the

record of conviction for violation of Act 114 of 1940 is concerned, because as a matter of fact it was properly certified by the Clerk of the Criminal District Court. In view of the fact that no effort was made to correct the transcript, we have on our own motion ordered the record of the District Court sent up for inspection and find the facts to be precisely as stated in appellee's brief. As to the other copies of convictions, the record shows that they were certified by the investigating officer of the Immigration Service. Moreover, their authenticity was acknowledged by appellant at the hearing and the same were admitted not only without objection, but by reason of the specific acquiescence of appellant's counsel. Accordingly, we are in no doubt that the records of convictions were properly received in evidence.

Appellant's further contention that none of the convictions constituted conduct or activity which is condemned in Section 212(a) (12) of the Act is likewise without merit for it is clear that all of the convictions were for direct or indirect procuration or attempted procuration of persons for the purpose of prostitution or other immoral purpose.

The pertinent part of the "information" on which appellant was convicted on June 8, 1942, for violating Act 114 of 1940, charges that: "Leo Spadaro[1] * * * did then and there wilfully and unlawfully loiter in and near a thoroughfare for the purpose of * * * procuring another to commit fornication and unlawful sexual intercourse." Thus, it is plain that the "information" charges appellant with activity or conduct, which from the very nature of things was tantamount to directly or indirectly procuring or attempt to procure another for an immoral purpose.

Appellant's second conviction, on June 30, 1944, was for violation of City Ordinance No. 14477, paragraph f. The record shows that he was found guilty of "aiding and abetting an act of prostitution." Ordinance No. 14477 condemns

---

1. Appellant testified at the hearing that he is the Leo Spadaro named therein.

vagrancy and in accordance with its terms the following persons are deemed to be vagrants:

"Section 1 * * *.

"A person (a) who offers to commit prostitution or (b) who offers to secure another for the purpose of prostitution, or for any other lewd or indecent act; or (c) who loiters in or near any thoroughfares or public or private place for the purpose of inducing, enticing, or procuring another to commit lewdness, fornication, unlawful sexual intercourse or any other indecent act; or (d) in any other manner induces, entices or procures a person who is in any thoroughfares or public or private place, to commit any such acts; or (e) who receives or offers or agrees to receive or offer or agrees to receive any person, into any place, structure, house, building or conveyance for the purpose of prostitution, lewdness or assignation; or knowingly permit any person to remain there for such purposes; or (f) *who in any way aids or abets or participates in the doing of any of the acts or things above enumerated;* or (g) who is a common prostitute * * *" (Italics ours.)

It is apparent from a reading of the ordinance that all but one of the five acts for which appellant could have been found guilty of "aiding and abetting" relate to procuring of persons for an immoral purpose. The fifth act refers to a person who offers to commit prostitution, and since appellant could be guilty of aiding and abetting an offer to commit prostitution only by attempting to procure a person for prostitution or other immoral purpose, we think that this conviction also is evidence of conduct which is condemned by Section 212(a) (12) of the Act.

Appellant's third conviction, on June 30, 1944, was for violation of City Ordinance No. 15957 in that he used his taxicab "in transporting of prostitution." This ordinance condemns "every person * * * engaged in the business of transporting passengers for hire in any taxi-cab * * * who shall with knowledge or good reason to know of the immoral purpose of such * * * transportation, * * * transport or offer to take * * * by such vehicle * * * any person to any house of ill-fame * * * or any other place whatsoever for purposes of lewdness, assignation, or prostitution." There is considerable controversy here as to whether this conviction arose out of the same circumstances under which the second conviction was had. Appellant's contention that this is the same case as the one previously mentioned in which he was convicted for violation of an ordinance is without support in the record. The affidavits which were in lieu of informations were filed on different dates, violations of different ordinances were charged, and he was tried and found guilty in the Recorder's Court by two different judges. It is therefore clear that there were in fact two separate violations of city ordinances, and that each of appellant's convictions thereunder was for directly or indirectly procuring or attempting to procure another for an immoral purpose within the meaning of Section 212(a) (12) of the Act.

The other contentions urged by appellant have been carefully considered, but they are equally without merit and do not require discussion.

Accordingly, we conclude that there was substantial evidence to support the administrative finding that between the years 1942 and 1944, appellant became a member of one of the classes specified in Section 212(a) (12) of the Act, and therefore, the order denying the application for a writ of habeas corpus is

Affirmed.